*William H. Greene & Patrick J. McCarthy*, for complainant.

*Edward D. Bassett*, for respondents.

———

WILLIAM H. CLAPP *vs.* HEZEKIAH H. SMITH.

A. sued B. in a district court, serving the writ by garnishment. Judgment was given for the plaintiff A., and the garnished trustee was discharged; whereupon, A. appealed from the judgment discharging the garnishee.

*Held*, that the appeal would not lie. The proceeding against the trustee is incidental to the action against the principal debtor, and can be brought up on appeal only by an appeal from the principal judgment.

PLAINTIFF's petition for a new trial.

*December* 6, 1888.   PER CURIAM.   This is an action of debt

on judgment, begun in the District Court of the tenth judicial district, where the plaintiff recovered judgment May 8, A. D. 1888, for $128.35 and costs. There was service by foreign attachment on one Carroll, and the District Court, on rendering judgment, discharged the trustee. From the judgment discharging the trustee the plaintiff appealed to the Court of Common Pleas, where, when the case came on for hearing, the appeal was dismissed, the court holding that such an appeal was not allowable. If the court was right in this opinion it will be unnecessary for us to consider the other questions presented by the plaintiff's petition. We think it was right. The right of appeal is given by section 50 of chapter 597 of Public Laws, passed May 27, 1886. The language is, " Any party aggrieved by the judgment of any District Court rendered in any civil action may appeal therefrom to the next term of the Court of Common Pleas, to be holden in the same county, for a final hearing of said action." It seems clear to us that the judgment from which the appeal is here given is the judgment in the action itself, and extends to the determination that the trustee is chargeable or not chargeable only as that determination is a subsidiary or incidental part of such judgment. The appeal is " for a final hearing of said action," and in the chapter relating to appeals in civil cases, Pub. Stat. R. I. cap. 218, § 8, it is provided that, after the appeal has been entered, " the cause shall be tried and decided in the same manner as if both parties had appealed, and both parties shall have the benefit of any new and further evidence." The language evidently contemplates a transfer of the whole case to the appellate court. There is other language to the .same purport. Moreover, if the trustee is adjudged to be chargeable, provision is made for execution against the property attached in his hands; cap. 222 § 20, but execution can only issue on the judgment from the court where the judgment remains. Further, it is the court in which the action " is brought or may be pending " which is to determine whether the trustee is chargeable or not. The action here was not brought in the Court of Common Pleas, and we do not see how it can be held even to have been " pending " there, no appeal having been taken from the principal judgment in the District Court. In *Kennedy* v. *Tiernay*, 14 R. I. 528, this court

decided that the proceeding against the trustee is incidental or subsidiary to the suit against the principal debtor, and that an appeal from the principal judgment brings it up as a part of the suit. We think this is so, and that it is only by such an appeal that it can be taken up.          *Petition dismissed with costs.*

*William H. Clapp,* pro se ipso.

*Jacob W. Mathewson,* for defendant.